No. 20-0014 –    *State of West Virginia ex rel. 3M Company, F/K/A Minnesota Mining and Manufacturing Company, Mine Safety Appliances Company, and American Optical Corporation v. Honorable Jay Hoke, Judge of the Circuit Court of Lincoln County, and State of West Virginia ex rel. Patrick Morrisey, Attorney General*

**FILED**
**November 23, 2020**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Jenkins, Justice, concurring, joined by Chief Justice Armstead:

This case presents a complicated matter regarding the applicability of the CCPA to alleged violations that occurred nearly fifty years ago, and nearly thirty years before this suit was filed.   Here, the Petitioners—3M Company, Mine Safety Appliances Company and American Optical Corporation—seek a writ of prohibition challenging a circuit court order that ruled that the State may pursue claims for civil penalties under the CCPA based on conduct that occurred decades before the case was filed.

I concur in the majority's ultimate determination that, due to the specific allegations of fraud in this case, and to achieve the goals of the CCPA, the discovery rule can be applied to toll the statute of limitations.   As this Court has long-acknowledged, "[t]he purpose of the CCPA is to protect consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action."   *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 777, 461 S.E.2d 516, 523 (1995).

I write separately, however, to caution against tolling the statute of limitations in *all* cases involving the CCPA. Our decision in this case should not be seen as a "blanket" discovery rule for all future CCPA cases—especially when the Legislature did not expressly provide for tolling in the drafting of the CCPA.

As noted by the majority opinion, "the general rule is that the statute of limitations in Section 111(2) begins to run against the Attorney General when the violation of the CCPA occurs and the right to file an action has obviously accrued." However, other jurisdictions that have considered whether to toll deceptive trade and consumer credit protection law claims have noted:

> [T]he consensus seems to be that a cause of action under a consumer protection act begins to run from the time the consumer discovered or reasonably should have discovered the deception, fraud, or other unlawful conduct. Of course, even if the consumer discovers the deception or fraud, the defendant cannot raise the statute of limitations as a defense if the consumer was effectively prevented from bringing suit within the limitations period by the continuing fraud or false statements of the defendant.

1 Howard J. Alperin, Roland F. Chase, *Consumer Law Sales Practices and Credit Regulation* § 139 (2020). This illustrates that tolling in CCPA cases is an *exception* to the general rule that a statute of limitations typically begins to run *when the violation occurs*.

Here, the CCPA clearly states that "[n]o civil penalty pursuant to this subsection may be imposed for violations of this chapter occurring more than four years before the action is brought." W. Va. Code § 46A-7-111(2). Stated another way, no civil

penalty may be imposed for violations of the CCPA occurring more than four years before the action was brought. Moreover, as argued by the Petitioners, the Legislature's silence on tolling can be construed as intent that the absence of a discovery rule in Section 111(2) establishes its intention for no discovery rule to apply to CCPA actions.

However, the majority opinion adopts—and I agree with—the reasoning of the circuit court, that because there is no statutory prohibition on the application of the discovery rule, the discovery rule may be applied. Further, the majority notes, that under Syllabus point 5 of *Dunn*, there is evidence in this matter that the Petitioners "fraudulently concealed facts which prevented the [State] from discovering or pursuing the potential cause of action" under the CCPA—evidence that would also would support tolling the statute of limitations.

In a comparable case, the United States Supreme Court commented that it was hesitant to toll the statute of limitations in a securities matter, except in instances of fraud. The Court also emphasized that the discovery rule is an "exception."

> The Government nonetheless argues that the discovery rule should apply here. *That doctrine is an "exception" to the standard rule*, and delays accrual "until a plaintiff has 'discovered'" his cause of action. *Merck & Co. v. Reynolds*, 559 U.S. 633, ——, 130 S.Ct. 1784, 1793, 176 L.Ed.2d 582. It arose from the recognition that "something different was needed in the case of fraud, where a defendant's deceptive conduct may prevent a plaintiff from even *knowing* that he or she has been defrauded." *Ibid.* Thus "where a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the

> statute does not begin to run until the fraud is discovered.'"
> *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 90
> L.Ed. 743.

*Gabelli v. S.E.C.*, 568 U.S. 442, 133 S. Ct. 1216, 1217-18, 185 L. Ed. 2d 297 (2013) (emphasis added).  Just as in our case here, the United States Supreme Court found that the existence of fraud necessitates the need for an exception to the general rule.

Ultimately, I agree, on the record presented *sub judice*, that the circuit court's decision to permit the parties to develop their evidence and present it anew was not erroneous.  I recognize, as does the majority, that the discovery rule can be applied in CCPA cases involving fraud.  However, I do caution future litigants against blindly assuming that the discovery rule will be applied to all CCPA claims—it is the *exception*, not the *rule.*  For these reasons, I respectfully concur.   I am authorized to state that Chief Justice Armstead joins in this separate opinion.